1    ** E-filed January 23, 2012 **

2

3

4

5

6

7                          NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11   UNITED STATES,                    No. CR 10-00827 LHK (HRL)

12              Plaintiff,             **ORDER DENYING THIRD PARTY
                                       CSR'S MOTION TO QUASH AND
     v.
13                                     SPECIFYING TIME OF
     ZHIQIANG ZHANG, aka MICHAEL       PRODUCTION**
14   ZHANG; et al.,
                                       **[Re: Docket No. 28]**
15              Defendants.

16   _____/

17         The United States charges defendant Zhiqiang Zhang aka Michael Zhang ("Zhang" or

18   "defendant") and two co-defendants, Xiaodong Liang and Yanmin Li, with conspiring to steal the

19   trade secrets of their former employer, a company now named CSR Technology ("third party" or

20   "CSR"), in order to use those secrets on behalf of a competing company called Anywhere Logic.

21   Only Zhang has been arrested and charged; the other two defendants are fugitives.

22         On September 14, 2011, this court granted Zhang's first ex parte application for issuance of

23   a subpoena *duces tecum* on CSR. The subpoena sought material from the personnel files of 16

24   alleged current or former employees of CSR. Specifically, the subpoena requested "personnel

25   file[s], including salary, benefits, stock options (whether exercised or not, vested or not),

26   evaluations, promotions, disciplinary history, awards, and projects on which he [or she] has worked"

27   for each of the 16 individuals. Two of the 16 individuals are Zhang's co-defendants, Xiaodong

28   Liang and Yanmin Li. [One of the 16, Java Edison, is not a current or former employee of CSR and

was listed on the subpoena mistakenly. Defendant has conceded that CSR need not produce any information connected to this fictitious person.]

Third party CSR moved to quash the subpoena, claiming that it violates the privacy rights of the named employees and that compliance with it would be burdensome and oppressive. Zhang opposed the motion. All of the moving papers filed in support of or opposition to the motion have been filed under seal. Counsel for the government, the defendant, and third party CSR appeared for hearing on January 5, 2012. During the hearing, the court excluded the prosecution and CSR's counsel and closed the courtroom to hear why defendant sought the information listed in the subpoena.

LEGAL STANDARD

Rule 17(c) of the Federal Rules of Criminal Procedure provides that a subpoena may command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951).

When seeking leave to issue a subpoena *duces tecum*, the moving party must establish good cause by "'clear[ing] three hurdles: (1) relevancy; (2) admissibility; (3) specificity.'" United States v. Layton, 90 F.R.D. at 516 (quoting United States v. Nixon, 418 U.S. 683, 700 (1974)). A court must reconsider the Nixon factors when a movant seeking to quash the subpoena claims that compliance will be unreasonable or oppressive. United States v. Wells 2005 WL 3822883, *3 (E.D. Cal. Dec. 20, 2005).

DISCUSSION

1. Relevance

First, the court must consider whether the material sought has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. As a result of its closed-court

conversation with defense counsel, the court is satisfied that at least some of the information sought by Zhang is relevant as defined by Fed. R. Evid. 401. The personnel files are Xiaodong Liang and Yanmin Li are relevant now. The personnel files for the remaining 13 CSR employees may become relevant should those employees be called as witnesses at trial.

2.  Admissibility

Once the court has determined that material sought is relevant, it must ask whether the material would be admissible. "This inquiry is largely governed by the Federal Rules of Evidence. See, e.g., Fed. R. Evid. 401-415, 801-807. Because it is often difficult at the pretrial stage "to determine with precision the admissibility of certain documents . . . if a document is arguably relevant and admissible under the Rules of Evidence, the Nixon 'evidentiary' requirement is likely satisfied." Id.

The court finds that the personnel files of Xiaodong Liang and Yanmin Li (or some portions of them) are arguably admissible under the Rules. The 13 remaining personnel files, or portions thereof, may become admissible if and when those individuals are actually named as government witnesses, or when they actually testify.

3.  Specificity

Defendant's subpoena *duces tecum* expressly requests documents pertaining to "salary, benefits, stock options, evaluations, promotions, disciplinary history, awards, and projects on which [each individual] has worked." A subpoena *duces tecum* will meet the specificity requirement, even if it does not "describe fully" the information sought, if there is a "sufficient likelihood," based on rational inferences, that the information sought is both relevant and admissible. See Nixon, 418 U.S. at 700; Libby, 432 F. Supp. 2d at 31. The undersigned concludes that Zhang's subpoena is sufficiently specific. It seeks discrete documents and types of documents. It does not seek medical or health related information, and CSR should not produce such information.

CONCLUSION

Based on the moving papers, arguments presented at hearing, and applicable authority, the court DENIES CSR's motion to quash. CSR shall, within 14 days, produce the subpoenaed materials about Zhang's two co-defendants, Xiaodong Liang and Yanmin Li. Further, CSR shall

lodge the information sought for the remaining 13 individuals with the court under seal. No disclosure of the lodged material shall be made except, perhaps, as to those individuals the government identifies as witnesses to testify at trial. As to those, the trial court shall determine if and when and to what extent the lodged material may be disclosed the defense.

**IT IS SO ORDERED.**

Dated: January 23, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1

**C10-00827 Notice will be electronically mailed to:**

2

| | |
|---|---|
| Thomas Nolan | tnolan@nablaw.com |
| Michael Haven | mike.haven@klgates.com |
| Patrick Salceda | patrick.salceda@klgates.com |
| Susan Knight | Susan.Knight@usdoj.gov |

3

4

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28