Thomas J. Nolan, SBN 48413
NOLAN, ARMSTRONG & BARTON LLP
600 University Avenue
Palo Alto, California 94310
650/326-2980 – Telephone
650/326-9704 – Facsimile
tnolan@nablaw.com

Attorneys for Defendant, Michael Zhang

FILED

FEB 15 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>vs.<br><br>ZHIQIANG ZHANG, A/K/A MICHAEL ZHANG, ET AL.,<br><br>            Defendants. | Case No.: CR 10-00827-LHK<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING JOINDER IN INTERIM PROTECTIVE ORDER** |

      Defendant Zhiquiang Zhang, a/k/a Michael Zhang ("Mr. Zhang") and third party CSR Technology, Inc. ("CSR"), by and through their counsel, hereby stipulate and agree to be bound by the terms of the stipulated interim protective order, as modified by the Court, and attached hereto as Exhibit "A" (the "Protective Order").

      CSR and Mr. Zhang stipulate and respectfully request that any and all terms of the Protective Order, including but not limited to those which protect the confidentiality of documents produced by the government, apply equally and to the same extent as materials produced by CSR, specifically materials produced by CSR in response to subpoenas duces tecum or as directed by other court orders. Moreover, CSR and Mr. Zhang stipulate and respectfully request that any and all terms of the Protective Order which apply to Mr. Zhang and his counsel following receipt of documents produced by the government shall apply equally and to the same extent relative to materials produced by CSR,

specifically materials produced by CSR in response to subpoenas duces tecum or as directed by other court orders.

Respectfully submitted,

Dated: February 13, 2012

NOLAN, ARMSTRONG & BARTON LLP


By  /s/ Thomas J. Nolan
    Thomas J. Nolan
    Attorneys for Defendant
    ZHIQUIANG ZHANG,
    A/K/A MICHAEL ZHANG


Dated: February 13, 2012

K&L GATES LLP


By  /s/ Michael R. Haven
    Michael R. Haven
    Attorneys for Third Party
    SIRF TECHNOLOGY, INC.

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED THAT:

Defendant Zhang and third party CSR Technology, Inc. are bound by the terms of the stipulated interim protective order, as modified by the Court, and entered in this action (the "Protective Order") as Docket No. 16. Any and all terms of the Protective Order, including but not limited to those which protect the confidentiality of documents produced by the government, shall apply equally and to the same extent to materials produced by CSR, specifically materials produced by CSR in response to subpoenas duces tecum or as directed by other court orders. In addition, any and all terms of the Protective Order which apply to Mr. Zhang and his counsel following receipt of materials produced by the government shall apply equally and to the same extent relative to materials produced by CSR, specifically materials produced by CSR in response to subpoenas duces tecum or as directed by other court orders.

Dated: February 14, 2012

_____
HON. HOWARD R. LLOYD
United States Magistrate Judge

## ATTESTATION PER GENERAL ORDER 45

I, Thomas J. Nolan, am the ECF User whose ID and password are being used to file this Stipulation. In compliance with General Order 45, X.B., I hereby attest that Michael R. Haven has concurred with this filing.

** E-filed March 29, 2011 **

1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2
3  MIRANDA KANE (CABN 150630)
   Criminal Division Chief
4  SUSAN KNIGHT (CABN 209013)
   Assistant United States Attorney
5
       150 Almaden Boulevard, Suite 900
6      San Jose, California 95113
       Telephone: (408) 535-5056
7      Facsimile:  (408) 535-5066
       E-Mail: Susan.Knight@usdoj.gov
8
   Attorneys for Plaintiff
9
10                UNITED STATES DISTRICT COURT
11                NORTHERN DISTRICT OF CALIFORNIA
12                     SAN JOSE DIVISION
13
14 UNITED STATES OF AMERICA,           )   No. CR 10-00827 LHK/HRL
                                       )
15             Plaintiff,              )
                                       )   STIPULATED INTERIM PROTECTIVE
16      v.                             )   ORDER
                                       )   MODIFIED BY THE COURT
17 ZHIQIANG ZHANG,                     )
       a/ka Michael Zhang,             )
18                                     )
               Defendant.              )
19                                     )
                                       )
20 ─────────────────────────────

21      WHEREAS during the course of discovery in the above-captioned criminal case, the
22 United States may produce documents and other items containing information that is claimed by
23 SiRF Technology, Inc., a wholly owned subsidiary of CSR plc and sometimes referred to as
24 "CSR," to be kept protected as a possible "trade secret" (within the meaning of 18 U.S.C. §
25 1839(3)); and
26      WHEREAS the United States and defendant MICHAEL ZHANG ("ZHANG") deem it
27 appropriate for the purpose of facilitating pretrial negotiations and to provide for the protection
28 of such information without agreeing between them that the specific information is in fact

1

1  intended to be kept secret or is a trade secret, and with the further understanding that nothing in
2  this stipulated protective order creates any presumption regarding whether the specific
3  information is intended to be kept secret or is a trade secret, and lastly preserving defendant
4  ZHANG's rights to challenge any such designation at a later time;
5      IT IS HEREBY STIPULATED AND AGREED by and between the United States and
6  defendant ZHANG and his counsel that the following definitions and procedures will govern the
7  designation and handling of material and other information produced by the United States during
8  pretrial negotiations, while reserving the question of how such material and information should
9  be handled at trial, and during pre- or post-trial hearings for a future time.
10     1. Definitions:
11     a. "Confidential Material" shall mean information that the Government contends is
12 intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).
13     b. "Discovery Material" shall mean all materials disclosed by the United States during
14 discovery in this case.
15     2. The United States may designate Discovery Material as Confidential Material to the
16 extent that it believes in good faith that the information or material is or may be Confidential
17 Material as defined in paragraph 1(a) above. Any labeling, segregation, or designation of
18 Discovery Material as "Confidential Material" should be made, whenever possible, in the case of
19 written, tangible, or documentary Discovery Material, at the time that Discovery Material is
20 produced or made known to defendant ZHANG by stamping each page "CONFIDENTIAL" in a
21 manner that is readily distinguishable from any pre-existing confidential designation or by
22 otherwise manifesting the intention that the Discovery Material be considered Confidential
23 Material. Computer memory storage materials such as tapes, diskettes, hard drives, or other
24 memory media containing Discovery Material deemed by the United States as containing
25 Confidential Material shall be labeled on the outside of the media as "CONFIDENTIAL."
26 Specifically, all source code on media storage devices and certain charts shall be deemed
27 "CONFIDENTIAL." The Government shall maintain unlabeled or "clean" copies of all
28 discovery material that it has labeled "CONFIDENTIAL" under this stipulated order for the

1  future use by the parties in subsequent proceedings.

2      3. Discovery Material designated as "CONFIDENTIAL" shall be retained by defendant ZHANG'S counsel in the above-captioned case and furnished, at this time, to no one other than defendant ZHANG's counsel in the above-captioned case, defendant ZHANG, the staff supporting ZHANG's counsel in the above-captioned case such as interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of defendant ZHANG's counsel and to whom it is necessary that the materials be disclosed for purposes of the defense of this case. In the event that the defendant or his counsel wishes to consult an expert regarding these materials, the procedure for doing so is addressed in paragraph 8 of this agreement. All such material shall be kept in the offices of defendant ZHANG's counsel in the above-captioned case and neither this material nor any copies of this material shall leave that office (including via electronic transmission of any sort) for any purpose except submission *in camera* to the Court. Moreover, no such material shall be downloaded to or maintained by defendant Zhang's counsel on a portable storage device such as a thumb drive or removable external hard drive. However, should defendant ZHANG be incarcerated before the resolution of this indictment, his counsel may bring the designated confidential material to the facility in which he is incarcerated to assist in the defendant's preparation but shall not leave any such confidential material with the defendant. All such material shall be used solely for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of defendant ZHANG or for the benefit of any third party. All motions which contain any of the material labeled "CONFIDENTIAL" and which are filed with the Court shall be filed and kept under seal until further order of the Court. Confidential Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of this case and the notation:

**"TO BE FILED UNDER SEAL"**
Contains Confidential Material
To Be Opened Only As Directed By The Court

//

Margin note: The parties m[ay] request to file confidential material under seal in accordance w[ith] Civil Local Rule 79-5. Se[e] Crim. L. R. 55-1(b).

4. The recipient of any Confidential Material that is provided under this Stipulated Interim Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

5. At the conclusion of the above-captioned case, defendant ZHANG and his counsel in the above-captioned case agree to the return of all Confidential Material to the United States and defense counsel will destroy his work product that contains Confidential Materials, except as directed by the Court.

6. Nothing herein shall prevent defendant ZHANG from using the Confidential Material or from referring to, quoting, or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for in camera inspection. The use of Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

7. Should defendant ZHANG dispute the propriety of any designation of Discovery Material as Confidential Material, his counsel shall notify the United States in writing. Within seven business days from receiving the notice, the United States shall respond to the notice in writing. If, after this exchange of correspondence, ^[and after meeting and conferring in voice to voice dialogue (other forms of communication are insufficient] defendant ZHANG and the United States cannot resolve their dispute, they may apply to the Court to do so. The burden shall be on the government to prove that the material qualifies as Confidential Material. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL" as designated and shall be covered by the provisions of this Stipulated Interim Protective Order. The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial negotiations, the defendant and his counsel may choose not to formally challenge the Government's designation of certain material as confidential at this stage in the proceedings. Such a failure to challenge the confidential designation does not constitute a waiver on the defendant's part of either the ability to challenge that confidential designation or the ability to

1  contest that certain portions of the designated confidential material constitutes "trade secret"
2  information under 18 U.S.C. § 1839(3).
3      8. At such time as the defendant ZHANG retains an expert or experts to assist in the
4  review of the Confidential Material, each such person shall execute an Acknowledgment in
5  the form attached to this Stipulation which shall then be submitted to the Court *ex parte* and *in*
6  *camera* by the defendant. Defendant ZHANG shall not be required to provide said
7  Acknowledgment, or the identity of the expert who signed it, to the United States, unless so
8  ordered by the Court. The United States retains the right to request that the Court authorize such
9  disclosure. Nothing in this paragraph relieves the defendant of the discovery obligations
10 contained in Federal Rule of Criminal Procedure16(b)(1)(C), nor does the United States waive
11 any rights thereunder by entering into this stipulation. By signing and agreeing to the terms of
12 this Stipulated Interim Protective Order, no person shall be deemed to have conceded that any
13 material has been properly designated as confidential.
14     9. Nothing in this order shall preclude the United States or defendant ZHANG from
15 applying to the Court for further relief or modification. The parties agreement to enter into this
16 Stipulated Interim Protective Order at this time is for the purpose of pretrial negotiations, and is
17 not a concession by the defendant that the terms contained herein would be appropriate should
18 the case proceed beyond that stage.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

10. Willful violation of this Stipulated Interim Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, or any other sanctions or combination of sanctions which are legally available.

DATED: 3/25/11

MELINDA HAAG
United States Attorney

*(signed)*
SUSAN KNIGHT
Assistant United States Attorney

DATED: 2/25/11

*(signed)*
THOMAS J. NOLAN
Attorney for defendant Zhang

IT IS SO ORDERED.

DATED: March 28, 2011

*(signed)*
HOWARD R. LLOYD
United States Magistrate Judge

6

**AGREEMENT TO BE BOUND BY**
**STIPULATED INTERIM PROTECTIVE ORDER**

The undersigned, defendant Michael Zhang, and his counsel in the above-captioned case, CR 10-00827 LHK/HRL, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED:

_____
THOMAS J. NOLAN
Attorney for defendant Zhang

DATED:

_____
MICHAEL ZHANG
Defendant

# ACKNOWLEDGMENT OF STIPULATED PROTECTED ORDER IN:
## UNITED STATES v. MICHAEL ZHANG,
### CR 10-00827 LHK/HRL

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in United States v. Michael Zhang, CR 10-00827 LHK/HRL, has read, understands, and agrees to the terms of the Stipulated Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment of any violations thereof.

DATED:

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number